No. 23-1719
## IN THE UNITED STATES COURT OF APPEALS

## FOR THE EIGHTH CIRCUIT

_____

STATE OF MISSOURI,
*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY et al.
*Respondents*.

_____

**THE STATE OF MISSOURI'S RESPONSE TO RESPONDENTS'
OPPOSED MOTION TO TRANSFER THE PETITION FOR
REVIEW TO THE D.C. CIRCUIT OR DISMISS BASED ON
IMPROPER VENUE.**

_____

**ANDREW T. BAILEY**
ATTORNEY GENERAL
Joshua M. Divine, #69875
*Solicitor General*
Samuel C. Freedlund, #73707
*Assistant Attorney General*
*Attorneys for Petitioners*

Office of the Attorney General
815 Olive St.
Suite 200
St. Louis, Missouri 63101
Phone: (314) 340-4869
Fax (573) 751-1774
Samuel.Freedlund@ago.mo.gov

# TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................i

TABLE OF AUTHORITIES................................................................ iii

INTRODUCTION....................................................................................1

BACKGROUND .......................................................................................2

ARGUMENT ............................................................................................5

   I.  This Court recently denied a materially identical motion by EPA seeking to transfer Arkansas' petition..............................................6

   II.  Missouri's challenge to the portion of the Final Rule denying Missouri's SIP is locally or regionally applicable. ...........................7

   III. EPA cannot overcome the "default presumption" that Missouri's petition belongs in this Circuit. ...................................................14

     A.  This Court must make its own independent determination, not defer to EPA's. ...........................................................................15

     B.  The final rule is not "based on a determination of nationwide scope." ........................................................................................16

     C.  To the extent this Court considers EPA's statement that the Final Rule was "based on a determination of nationwide scope," that statement is insufficient...................................................20

CONCLUSION ......................................................................................21

Appellate Case: 23-1719    Page: 2    Date Filed: 05/08/2023 Entry ID: 5274671

CERTIFICATE OF SERVICE...................................................................22

CERTIFICATE OF COMPLIANCE.......................................................23

ii

Appellate Case: 23-1719    Page: 3    Date Filed: 05/08/2023 Entry ID: 5274671

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Am. Rd. & Transp. Builders Ass'n v. E.P.A.*
705 F.3d 453, 455 (D.C. Cir. 2013) .......................................... 6, 12, 17

*ATK Launch Sys., Inc. v. E.P.A.*
651 F.3d 1194, 1199 (10th Cir. 2011) .......................................... 12, 15

*Cedar Falls Utils. v. E.P.A.*
No. 16-4504 (8th Cir. Feb. 22 2017) ................................................ 14

*Chevron U.S.A. Inc. v. E.P.A.*
45 F.4th 380, 387 (D.C. Cir. 2022) ................................................ 17

*Dalton Trucking, Inc. v. U.S. E.P.A.*
808 F.3d 875, 881 (D.C. 2015) ............................................................ 16

*Dominion Transmission, Inc. v. Summers*
723 F.3d 238, 240 (D.C. Cir. 2013) ..................................................... 6

*Farmers Union Cent. Exch., Inc. v. FERC*
734 F.2d 1486, 1520 (D.C. Cir. 1984) ............................................... 21

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*
463 U.S. 29, 50 (1983) ....................................................................... 21

*National Parks Conservation Ass'n v. McCarthy*
816 F.3d 989, 993 (8th Cir. 2016) .......................................... 12, 14, 23

*Nebraska v. U.S. E.P.A.*
819 F.3d 662, 669 (8th Cir. 2016) ..................................................... 23

Appellate Case: 23-1719    Page: 4    Date Filed: 05/08/2023 Entry ID: 5274671

*North Dakota v. U.S. E.P.A.*
  730 F.3d 750, 757 (8th Cir. 2013)..................................................6, 22

*RMS of Georgia, LLC v. U.S. E.P.A.*
  No. 21-14213, 2023 WL 2925109 (11th Cir. Apr. 13, 2023).............15

*State of Arkansas et al. v. U.S. E.P.A. et al.*
  No. 23-1320 (Apr. 25, 2023 Order) ....................................................10

*State of Utah v. U.S. E.P.A.*
  No. 23-9509, (Apr. 27, 2023 Order) ...................................................11

*Sierra Club v. E.P.A.*
  47 F.4th 738, 743 (D.C. Cir. 2022) ....................................................13

*Smith v. Aegon Companies Pension Plan*
  769 F.3d 922, 928–29 (6th Cir. 2014)................................................19

*Southern Illinois Power Cooperative v. EPA*
  863 F.3d 666, 671 (7th Cir. 2017)......................................................15

*State v. U.S. E.P.A.*
  983 F.3d 826, 833 (5th Cir. 2020)................................................19, 20

*Texas v. EPA*
  No. 10-60961, 2011 WL 710598 (5th Cir. Feb. 24, 2011).................12

*Texas v. U.S. E.P.A. (Texas 2016)*
  829 F.3d 405, 419 (5th Cir. 2016)................................... 18, 19, 20, 25

*Texas v. E.P.A. ("Texas 2023")*
  No. 23-60069, Dkt. 269 (May 1, 2023 Order)........................... passim

Appellate Case: 23-1719    Page: 5    Date Filed: 05/08/2023 Entry ID: 5274671

*Train v. Natural Resources Defense Council, Inc.*
 421 U.S. 60, 79 (1975) ...................................................... 7, 22

**Statutes**

42 U.S.C. § 7410 ............................................................... 13

42 U.S.C. § 7410(k)(2) ...................................................... 8

42 U.S.C. § 7607(b)(1) ............................................... passim

**Regulations**

80 Fed. Reg. 65,292 ........................................................ 7

87 Fed. Reg. 9533 ........................................................ 8, 21

88 Fed. Reg. 9336 .................................................... passim

**Federal Rules of Appellate Procedure**

Fed. R. App. P. 27 and 32 ............................................... 27

Fed. R. App. P. 32(f) ...................................................... 27

Appellate Case: 23-1719    Page: 6    Date Filed: 05/08/2023 Entry ID: 5274671

# INTRODUCTION

In moving for a transfer of Missouri's petition to the D.C. Circuit, EPA asks this Court to split not only with the Fifth Circuit, but also with itself. EPA cannot cite a single case where a challenge to EPA's denial of a state implementation plan was transferred out of a regional circuit. It is thus unsurprising that this Court denied EPA's materially *identical* motion to transfer Arkansas' petition just two weeks ago. And just last week, the Fifth Circuit denied EPA's motions to transfer petitions filed by Texas, Louisiana, and Mississippi. EPA offers no reason at all for this Court to split with these four decisions and in effect reverse what it did just two weeks ago.

Indeed, this Court and others have long recognized that EPA's decision to accept or reject a state implementation plan under the CAA is a "prototypical" local action, and for good reason—a State's SIP details how the State plans to regulate certain emissions within the State's own borders. EPA seeks to transfer Missouri's petition challenging EPA's denial of Missouri's SIP to the D.C. Circuit, but that circuit itself has held that SIP denials are the "prototypical locally or regionally applicable action that may be challenged only in the appropriate regional court of

1

appeals." *Am. Rd. & Transp. Builders Ass'n v. E.P.A.*, 705 F.3d 453, 455 (D.C. Cir. 2013).

This Court correctly denied EPA's motion to transfer in Arkansas' challenge. The Court should deny EPA's motion again.

## BACKGROUND

Missouri's petition challenging EPA's denial of Missouri's SIP, along with Missouri's Motion to Stay, provide a detailed background of EPA's unlawful, arbitrary, and capricious actions. *See* Motion to Stay at 3–12. Missouri highlights here only the specific background facts relevant to EPA's Motion to Transfer.

"Air quality regulation under the CAA is an exercise in cooperative federalism." *Dominion Transmission, Inc. v. Summers*, 723 F.3d 238, 240 (D.C. Cir. 2013). "The [CAA] sets forth a basic division of labor: the Federal Government establishes air quality standards, but the States have primary responsibility for attaining those standards within their borders." *North Dakota v. U.S. E.P.A.*, 730 F.3d 750, 757 (8th Cir. 2013). EPA has only "a secondary role" in the formation of emissions control plans and has "no authority to question the wisdom of a State's choices of emissions limitations if they are part of a plan which satisfies" the

2

CAA. *Train v. Natural Resources Defense Council, Inc.*, 421 U.S. 60, 79 (1975).

In October 2015, EPA triggered the SIP process when it reduced the NAAQS for ozone to 0.070 ppm. 80 Fed. Reg. 65,292 (Oct. 26, 2015). Throughout 2018, EPA issued a series of guidance documents identifying the downwind receptors EPA believed were linked to Missouri and providing instructions related to thresholds and flexibilities in SIP construction for the purpose of "assisting" the states in crafting their SIPs. *See* Motion to Stay at 6–8.

Missouri submitted its SIP to EPA in June 2019. *See* Motion to Stay, Ex. 5. Missouri's SIP expressly relied upon EPA's various guidance documents to analyze each receptor those documents linked to Missouri. *See id.* at 8–19. EPA's guidance suggested that States use a four-step transport framework to assess pollution controls, but the guidance expressly said States "have flexibility" to use other frameworks. In conformity with this guidance, Missouri's SIP exercised flexibility to assess pollution controls in ways that best accounted for factors specific to Missouri. *See* Motion to Stay, Ex. 2 at 3, Ex. 5. EPA accepted Missouri's

3

SIP as "complete" in November 2019, triggering a 12-month deadline to act on Missouri's SIP. *See id.*, Ex. 3 at ¶ 13; 42 U.S.C. § 7410(k)(2).

EPA missed this deadline by more than a year, waiting until February 2022 to issue a notice of proposed disapproval of Missouri's SIP. *See* 87 Fed. Reg. 9533, 9545 (Feb. 22, 2022) (the "Proposed Disapproval"). EPA's Proposed Disapproval considered only Missouri's SIP submission; proposed disapprovals of SIPs from other States were issued under different notices. *Id.* at 9544. Although acknowledging Missouri relied on EPA's past representations in crafting its SIP, EPA proposed disapproving Missouri's SIP based on brand new modeling, adopted without prior notice, linking Missouri to completely different downwind receptors. *Id.* at 9539–44. EPA claimed that its proposed disapproval was "based on the EPA's evaluation of the information submitted by [Missouri]" and that it was analyzing only whether Missouri's SIP "[met] the State's obligations with respect to prohibiting emissions." *Id.* at 9543, 9540.

EPA issued its Final Rule disapproving Missouri's SIP on February 13, 2023. *See* 88 FR 9336 (the "Final Rule") at 9358. Around the same time, EPA approved SIPs from 24 States through separate notices. *Id.* at

4

9,362 nn. 253–76. On April 13, 2023, Missouri filed a Petition for Review in this Court "seeking review of only the portions of the final rule disapproving Missouri's State Implementation Plan." *See* Petition for Review.

## ARGUMENT

Missouri's Petition for Review challenges only the portion of the Final Rule disapproving Missouri's SIP. *See* Petition for Review. EPA seeks to transfer this challenge to the D.C. Circuit, asserting venue is only proper before the D.C. Circuit.

As the Fifth Circuit concluded just last week, "the CAA's venue statute divides challenges to EPA 'actions' into three general categories." *See Texas v. E.P.A.* ("*Texas* 2023"), No. 23-60069, Dkt. 269 (May 1, 2023 Order) at 9. First are "nationally applicable" actions, which must be heard in the D.C. Circuit. *Id.* (citing 42 U.S.C. § 7607(b)(1)). Second are "locally or regionally applicable" actions. *Id.* Federal law creates a presumption that these will be heard "*only* in the United States Court of Appeals for the appropriate circuit." § 7607(b)(1) (emphasis added). Third, federal law includes a narrow exception to this second category. Challenges to some locally or regionally applicable actions must be heard

in the D.C. Circuit, instead of the regional circuit, only (1) if the action is "based on a determination of nationwide scope or effect" and (2) "if in taking such action the Administrator finds and publishes that such action is based on such a determination." *Id.*

The text of § 7607(b)(1) and this Court's past decisions make clear that the exclusive venue for Missouri's petition is this Court. EPA contends that petitions reviewing SIP denials belong in either the first or third category of the venue statute, but in just the last two weeks both this Court and the Fifth Circuit have soundly rejected that argument.

EPA's motion should be denied.

## I. This Court recently denied a materially identical motion by EPA seeking to transfer Arkansas' petition.

EPA's Final Rule listed the full or partial denials of 21 different State SIPs, including Missouri's SIP and Arkansas' SIP. *See* 88 Fed. Reg. 9,336. Arkansas filed in this Court a petition to review EPA's disapproval of Arkansas' SIP on February 16, 2023. *See State of Arkansas et al. v. U.S. E.P.A. et al.*, No. 23-1320. As here, EPA moved to transfer that petition to the D.C. Circuit on March 20, 2023. This Court quickly entered

Appellate Case: 23-1719    Page: 12    Date Filed: 05/08/2023 Entry ID: 5274671

an order on April 25, 2023, denying EPA's motion to transfer. *See State of Arkansas et al. v. U.S. E.P.A. et al.*, No. 23-1320 (Apr. 25, 2023 Order).

The Court should do the same thing here. Indeed, except for substituting "Arkansas" for "Missouri" and updating dates and citations, EPA's motion is *identical* to its unsuccessful motion in the Arkansas case. To grant EPA's request now would needlessly create an intracircuit split.

Granting the motion would also split with other circuits. Just last week, the Fifth Circuit denied three nearly identical motions to transfer. *See Texas* 2023, Dkt. 269 (May 1, 2023 Order) at 13 (denying Motion to Transfer Texas, Louisiana, and Mississippi's Petitions for Review). In the same order, the Fifth Circuit also granted Texas and Louisiana's motions to stay EPA's SIP disapprovals. *Id.* at 24. EPA has cited no decision by any court granting transfer of a petition challenging a SIP denial.[1]

## II. Missouri's challenge to the portion of the Final Rule denying Missouri's SIP is locally or regionally applicable.

Missouri's petition challenges only a "locally or regionally applicable" action—not a "nationally applicable" action—because

---

[1] On April 27, 2023, the Tenth Circuit issued an order declining to grant at this time 10 motions by EPA to transfer challenges to SIP denials to the D.C. Circuit. *See State of Utah v. U.S. E.P.A.*, No. 23-9509, (Apr. 27, 2023 Order).

7

Missouri challenges only the portion of EPA's Final Rule that publishes the "disapprov[al] of Missouri's State Implementation Plan." *See* Petition for Review at 2. As this Court has concluded, "[d]etermining whether an action by the EPA is regional or local on the one hand or national on the other should depend on the *location of the persons or enterprises that the action regulates rather than on where the effects of the action are felt*." *National Parks Conservation Ass'n v. McCarthy*, 816 F.3d 989, 993 (8th Cir. 2016) (emphasis in original) (quoting *Texas v. EPA*, 2011 WL 710598, at *3 (5th Cir. Feb. 24, 2011)). Because EPA's denial of Missouri's SIP regulates Missouri and entities within Missouri, it is a locally or regionally applicable action.

Indeed, a state implementation plan is *always* a "purely local action" and "undisputedly regional action." *Id.* at 993 (quoting *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1199 (10th Cir. 2011)); *see also Texas* 2023, Dkt. 269 (May 1, 2023 Order) at 9, 10 (quoting *ATK Launch*). It is in fact the "prototypical locally or regionally applicable action." *Nat'l Parks Conservation Ass'n*, 816 F.3d at 993 (quotations and citation omitted); *Am. Rd. & Transp. Builders*, 705 F.3d at 455 (same). Because the SIP itself is regional action, the denial of this regional action

8

necessarily is also regional action. *Texas* 2023, Dkt. 269 (May 1, 2023 Order) at 9–11; *see also Sierra Club v. E.P.A.*, 47 F.4th 738, 743 (D.C. Cir. 2022) ("[A] SIP by nature concerns a particular state.").

The text of the Clean Air Act confirms this. The venue statute expressly lists as a "locally or regionally applicable" action "*any* denial or disapproval by the Administrator under subchapter I." 42 U.S.C. § 7607(b)(1) (emphasis added). And subchapter I includes the provision for States to submit state implementation plans. 42 U.S.C. § 7410. Congress thus could not have been clearer: "any"—that is, *every*—SIP disapproval is a "locally or regionally applicable" action. The D.C. Circuit recently came to the same conclusion, holding that § 7607(b)(1) "*expressly provides* that EPA's action 'in approving or promulgating any implementation plan under section 7410 of this title'—*i.e.*, in approving or promulgating a SIP—is 'a locally or regionally applicable' action." *Sierra Club*, 47 F.4th at 743 (emphasis added). EPA cannot dodge this plain-text requirement simply by publishing multiple SIP disapprovals in the same document.

SIP denials are thus categorically different from "nationally applicable" actions. Actions in the latter category might include binding

Appellate Case: 23-1719     Page: 15     Date Filed: 05/08/2023 Entry ID: 5274671

"regulations that apply to *all* States equally" or issuing a "SIP call" to all States "uniformly" as EPA did in 2015. *Texas* 2023, Dkt. 269 (May 1, 2023 Order) at 10 (citing cases). But there is nothing "uniform" about what EPA did here: approve SIPs from about half the States and disapprove SIPs from about half the States based on, according to EPA, an analysis of each SIP "on their own merits." Final Rule at 9,354.

The only decision from this Circuit EPA relies upon in any meaningful fashion is a two-sentence unpublished order entered in *Cedar Falls Utils. v. E.P.A.*, No. 16-4504 (8th Cir. Feb. 22 2017). *See* Motion to Transfer at 10, 16. What EPA does *not* mention is that it relies almost exclusively on language from its own brief in *Cedar Falls*, not the actual two-sentence, unpublished decision, and that *Cedar Falls* involved a challenge to EPA imposing a *federal* implementation plan on States. Nor does EPA grapple with this Court's decision in *National Parks*, which rejected the argument EPA makes today. *National Parks Conservation Ass'n*, 816 F.3d, at 991–94 (rejecting the argument that a decision on a state's SIP was "based on . . . a nationally-applicable action" and concluding instead that the action was based on the "entirely . . . local

10

factor" of whether Minnesota's SIP satisfied the CAA's Transport Rule (internal quotation marks and citations omitted)).

None of EPA's three arguments can rebut this universal consensus.

*First*, EPA argues that Missouri's challenge is nationally applicable because the Final Rule "disapprov[es] SIPs from 21 states." Motion to Transfer at 10. But as this Court necessarily concluded when denying EPA's motion to transfer the Arkansas petition, discrete regional actions do not become national actions simply because EPA publishes those regional actions in one document.[2]

---

[2] EPA primarily relies upon three out-of-circuit cases to attempt to argue that its disapproval of Missouri's SIP is not a "locally or regionally applicable action." Two cases are unrelated to EPA's disapproval of a SIP, and one directly supports Missouri's position. First, the Tenth Circuit case *ATK Launch Systems* did not consider disapproval of a state's SIP, but rather a final rule designating various areas across the country as attainment or nonattainment. That rule necessarily "create[d] a standard that applies to the entire country"—a far cry from, in the Tenth Circuit's own words, the "undisputedly regional action" of approval or disapproval of a SIP. *ATK Launch Systems*, 651 F.3d at 1199–1200. Second, EPA's reliance on *Southern Illinois Power Cooperative* is unavailing because the petition for review of the final rule did not challenge a decision on a SIP, but rather an action designating various areas of the country as "nonattainment" under national air quality standards. *Southern Illinois Power Cooperative v. EPA*, 863 F.3d 666, 671 (7th Cir. 2017). Finally, EPA's reliance on *RMS of Georgia* supports this Court's exclusive venue over Missouri's petition. The Eleventh Circuit based its conclusion that the final action was nationally applicable because the challenged portion of the rule was "an inseparable

11

*Second*, EPA argues that the "interdependent nature of interstate pollution transport" necessitates that this Final Rule be designated as "nationally applicable." Motion to Transfer at 11. That argument is not just unsupported by case law (and in fact contrary to this Court's cases), but it also proves too much. The entire basis of the SIP system is predicated on the basic fact that pollution crosses state borders. And yet Congress expressly stated that "*any* denial or disapproval by the Administrator" of a SIP is a "locally or regionally applicable" action. § 7607(b)(1). Circuits analyzing similar arguments have been clear that any analysis of whether an action is "nationally applicable" does not consider the claimed downstream "practical effects" of the regulation. *Dalton Trucking, Inc. v. U.S. E.P.A.*, 808 F.3d 875, 881 (D.C. 2015) (rejecting EPA's argument a final action is "nationally applicable" because of claimed downstream effects on other states).

*Third*, EPA claims that Missouri's challenge must be nationally applicable because the Final Rule "applies a uniform and nationally

---

component" of a nationwide HFC emissions allowance rule. *RMS of Georgia, LLC v. U.S. E.P.A.*, No. 21-14213, 2023 WL 2925109 (11th Cir. Apr. 13, 2023) (slip copy). Here, of course, Missouri's SIP is a "prototypical" example of regional action and thus is necessarily separable.

Appellate Case: 23-1719    Page: 18    Date Filed: 05/08/2023 Entry ID: 5274671

consistent approach to plans" or because EPA believes Missouri's arguments could "be inextricably intertwined" with other SIP denials and lead to "inconsistent outcomes." Motion to Transfer at 10, 13. But no other Court is reviewing EPA's denial of *Missouri*'s SIP. And if this Court is worried about "inconsistent outcomes," it ought not transfer this petition after declining to transfer the Arkansas petition and after the Fifth Circuit declined to transfer three petitions.

To the extent EPA complains that its disapproval of Missouri's SIP should be nationally applicable because a decision by this Court may be persuasive to the analysis of a different court with respect to EPA's denial of a different State's SIP, that complaint has been soundly rejected: "[T]he fact that the interpretative reasoning offered by the Administrator" in taking an administrative action under the CAA "has precedential effect in future EPA proceedings is typical of adjudicative orders, *including regionally and locally applicable ones*." *Chevron U.S.A. Inc. v. E.P.A.*, 45 F.4th 380, 387 (D.C. Cir. 2022) (internal quotation marks and citations omitted) (emphasis in original). Although an action "may set a precedent" for future proceedings, that "does not make it

nationally applicable." *Id.* (quoting *Am. Rd. & Transp. Builders Ass'n*, 705 F.3d at 456).

The text of the CAA, this Court's decisions, and other circuits make clear that Missouri's Petition for Review of EPA's denial of Missouri's SIP is a prototypical locally or regionally applicable action. None of EPA's arguments to the contrary—each of which this Court has already once rejected in Arkansas' challenge—support a conclusion otherwise.

## III. EPA cannot overcome the "default presumption" that Missouri's petition belongs in this Circuit.

The CAA creates a "default presumption" that challenges to "locally or regionally applicable" actions like the one at issue here belong in the regional circuit courts. *Texas v. U.S. E.P.A.* (*Texas* 2016), 829 F.3d 405, 419 (5th Cir. 2016). EPA can overcome this presumption only by proving that its decision to deny Missouri's SIP was "based on a determination of nationwide scope or effect" and that that "the Administrator finds and publishes that such action is based on such a determination." 42 U.S.C. § 7607(b)(1).

Appellate Case: 23-1719     Page: 20     Date Filed: 05/08/2023 Entry ID: 5274671

EPA argues that it has met this standard, but this Court already determined otherwise in declining to transfer Arkansas' petition two weeks ago. This Court was correct.

## A. This Court must make its own independent determination, not defer to EPA's.

As other courts have done, this Court must determine independently whether the final rule is based on a nationwide scope or effect. *See Texas 2016*, 829 F.3d at 421; *State v. U.S. E.P.A.*, 983 F.3d 826, 833 (5th Cir. 2020); *Texas* 2023, Dkt. 269 (May 1, 2023 Order) at 11.

First, the statute demands as much. It requires *both* that the Administrator *say* that the action is based on a determination of nationwide scope ("the Administrator finds and publishes that such action is based on such a determination") and that the action in fact *be* "based on a determination of nationwide scope or effect." § 7607(b)(1). If courts could simply defer to EPA's statement of finding, then the latter provision in the venue statute would be superfluous.

Second, courts do not readily defer "to the agency's interpretation when determining venue." *Texas 2016*, 829 F.3d at 418–19; *see also id.* at 421 ("Because the answer to . . . [a determination of nationwide scope or

effect] controls the role of the court, we are persuaded that we must make an independent assessment of the scope of the determinations."); *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 928–29 (6th Cir. 2014) (declining to defer to the Secretary of Labor's interpretation of an ERISA venue provision); *State*, 983 F.3d at 833 ("The court—not EPA—determines both the scope of an action's applicability and whether it was based on a determination of nationwide scope and effect.").

## B. The final rule is not "based on a determination of nationwide scope."

As the Fifth Circuit held just last week and this Court necessarily determined two weeks ago, EPA's contention that its SIP denials are "based on a determination of nationwide scope or effect" plainly fails. *Texas 2023*, Dkt. 269 (May 1, 2023 Order) at 11. The reason is simple. SIP decisions almost invariably involve "highly fact-bound" determinations that are "particular to the individual state." *Texas* 2016, 829 F.3d at 421 n.24. And that was true here. As the Fifth Circuit concluded, "EPA itself stated in the [Final Rule] that each SIP was judged 'in light of the facts and circumstances of each particular state's submission.'" *Texas* 2023 at 11 (quoting Final Rule at 9,340); *see also*

16

Final Rule at 9,354 ("[T]he contents of each individual state's [SIP] submission were evaluated on their own merits.").

That was certainly true with EPA's disapproval of Missouri's SIP. Although EPA issued guidance to the States where EPA set out a formula for assessing pollution controls, EPA made clear that this guidance was not binding and that States could use different formulas. *See* Motion to Stay, Ex. 2 at 3. Missouri did so. EPA claimed its proposed disapproval of Missouri's SIP was "based on the EPA's evaluation of the information submitted by" Missouri. Proposed Disapproval at 9,543. And in the Final Rule disapproving Missouri's SIP, EPA specifically assessed Missouri's particular formula and rejected it. Final Rule at 9,358. This decision was particular to Missouri, not to other States.

EPA cannot go back on its commitment to "evaluat[e] the "contents of each individual state's" SIP "on their own merits." Final Rule at 9,354. Courts can only consider "the basis articulated by the agency itself" and "may not accept" any "post hoc rationalizations for agency action." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983); *see also Farmers Union Cent. Exch., Inc. v. FERC*, 734 F.2d 1486, 1520 (D.C. Cir. 1984) ("self-contradictory, wandering logic

17

does not constitute an adequate explanation" of an agency's decision). EPA is bound by its earlier-stated promise to assess each State's submission individually.

Nor can EPA avoid this conclusion by elevating the level of generality. EPA says its denial of Missouri's SIP was "based on a determination of nationwide scope" because EPA applied a "uniform legal interpretation" of the CAA to all States. Motion to Transfer, at 11. But interpreting federal law differently with respect to each State undoubtedly would have been arbitrary and capricious, and applying a "uniform legal interpretation" at a high level in no way obviated the need for EPA to make individualized, State-by-State determinations on whether each SIP complies with the CAA. Indeed, EPA's supposedly "uniform" approach led it to reject SIPs by about half the States, accept SIPs by about half the States, and defer consideration for a few others. *See* Final Rule at 9338, 9362 nn. 253–276.

EPA's argument also goes too far. While it can take certain national actions, such as issuing a call for States to submit SIPs, Congress has preserved for States the "primary" responsibility for controlling pollution within their borders *North Dakota*, 730 F.3d at 757. EPA has only "a

18

secondary role" in the process and has "no authority to question the wisdom of a State's choices of emissions limitations if they are part of a plan which satisfies the standards of [the CAA]." *Train*, 421 U.S. at 79. To adopt any kind of uniform, national policy that limited the ability of States to determine how to obtain air quality standards would be to unlawfully seize the primary role from the States.

Furthermore, EPA's determination of nationwide scope and effect is incorrect because, as addressed above, federal circuit courts have repeatedly held that nationwide policy considerations and EPA's concern about precedent—the only two justifications EPA provides—cannot support a determination of "nationwide" scope or effect. *National Parks Conservation Ass'n*, 816 F.3d at 994; *Nebraska v. U.S. E.P.A.*, 819 F.3d 662, 669 (8th Cir. 2016) (holding that a locally applicable action is not transformed into a nationally applicable action just by EPA's "reliance" on a nationally applicable regulation in taking the local action). Consequently, EPA's determination is unlawful and should be disregarded.

19

**C. To the extent this Court considers EPA's statement that the Final Rule was "based on a determination of nationwide scope," that statement is insufficient.**

EPA's Final Rule wholly fails to provide any adequate factual determinations under which this Court could make a "determination of nationwide scope and effect" necessary to grant EPA's Motion to Transfer. EPA represents in its Final Rule that it considered each SIP "on [its] own merits." Final Rule at 9,354. Missouri's SIP exclusively analyzed emissions controls within the State, rather than purporting to control any other State's emissions control plan. *See* Motion to Stay, Ex. 5. In its disapproval of Missouri's SIP, EPA exclusively analyzes the content of Missouri's SIP and lists its basis for disapproval with references to the SIP itself. Final Rule at 9358. None of these local, factual considerations—which were the sole considerations EPA provided for its denial of Missouri's SIP, reference or require *any* determination that has a "nationwide scope or effect."

EPA's sole arguments for why its denial of Missouri's SIP was based on a determination of "nationwide scope and effect"—repeated in its motion—are the claims that its denial of Missouri's SIP is based on a "common core of nationwide policy judgments and technical analysis" and

20

that EPA applied "the same, nationally consistent 4-step interstate transport framework" to Missouri's SIP as other state SIPs. *See* Motion to Transfer at 15 (citing Final Rule at 9380). As the Fifth Circuit in *Texas* demonstrated, neither of these arguments related to potential secondary effects of Missouri's Petition for Review constitute a "determination of nationwide scope and effect." *Texas* 2016, 829 F.3d at 422–23.

Consequently, EPA's disapproval of Missouri's SIP is based on entirely local and regional factors, rather than a determination of nationwide scope and effect. As this Court concluded in *Arkansas v. EPA*, venue for Missouri's petition lies in this Court.

## CONCLUSION

For the foregoing reasons, EPA's motion to transfer should be denied.

21

Respectfully submitted,

ANDREW T. BAILEY
Attorney General

Joshua M. Divine
Solicitor General

*/s/ Samuel C. Freedlund*
Samuel C. Freedlund
Assistant Attorney General
Office of the Attorney General
815 Olive St.
Suite 200
St. Louis, Missouri 63101
Phone: (314) 340-4869
Fax (573) 751-1774
Samuel.Freedlund@ago.mo.gov

*Attorneys for Petitioner.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit and served the foregoing on all registered counsel through the Court's CM/ECF system.

*/s/ Samuel C. Freedlund*

22

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this motion complies with the typeface and formatting requirements of Fed. R. App. P. 27 and 32, that it is written in Century Schoolbook 14-point font, and that it contains 4,217 words as determined by the word-county feature of Microsoft Word and excluding those items excluded from length computations under Fed. R. App. P. 32(f). The Motion and this certification have been scanned for viruses and are virus-free.

*/s/ Samuel C. Freedlund*

Appellate Case: 23-1719    Page: 29    Date Filed: 05/08/2023 Entry ID: 5274671