## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 23-1719 |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### PETITIONER STATE OF MISSOURI'S RESPONSE IN OPPOSITION TO RESPONDENTS' MOTION FOR LEAVE TO FILE AN OVERLENGTH CONSOLIDATED REPLY IN SUPPORT OF ITS MOTION TO TRANSFER OR DISMISS

EPA's Motion for Leave to File an Overlength Consolidated Reply serves neither judicial economy nor any other relevant interest. EPA has already fully briefed a substantively identical venue-transfer motion before this Court (and several circuits), and this Court already rejected EPA's venue-transfer motion in the case filed by Arkansas. EPA's attempt to file a brief of more than twice the standard length is simply an attempt to get this Court to in effect reverse the decision it already made in the Arkansas case.

On April 13, 2023, Missouri filed a Petition for Review in this Court "seeking review of only the portions of the final rule disapproving Missouri's State Implementation Plan." *See* Motion to Stay at 3–12; Missouri's Response to Respondents' Opposed Motion to Transfer at 2–5 ("Resp. to Mot. to Transfer").[1] EPA

---

[1] Missouri's Motion to Stay and Response to EPA's Motion to Transfer provide a detailed background of EPA's unlawful, arbitrary and capricious actions to date.

Appellate Case: 23-1719     Page: 1     Date Filed: 05/09/2023 Entry ID: 5275014

filed a motion to transfer this case to the D.C. Circuit on April 17, 2023 and Missouri filed an opposition to EPA's motion to transfer on May 8, 2023.

In its Motion, EPA attempts to rely on separate challenges to different and distinct agency actions as a basis for seeking a significant expansion of its word count limitations. There is no basis to join these disparate challenges together. EPA references "seven petitions" but fails to acknowledge that these petitions challenge three distinct agency actions disapproving three different SIPs. As Missouri details more fully in its Response to EPA's Motion to Transfer, EPA ruled on Missouri's SIP "on [its] own merits" and Missouri's Petition for Review challenges *only* EPA's final action disapproving of Missouri's SIP. *See* Resp. to Motion to Transfer at 5, 10. EPA provides no support for consolidating briefing on three separate challenges besides the assertion that consolidation would be "helpful" on the ground of "relatedness."

EPA has, in fact, already filed one reply brief in this circuit in support of a substantively identical motion to transfer that complies with FRAP 27's word count limits. *See State of Arkansas et al. v. U.S. E.P.A.* et al., No. 23-1320 (Apr. 19, 2023) (EPA's Reply in Support of its Motion to Transfer, containing 2,595 words). In *Arkansas*, this Court already once rejected EPA's argument that a challenge to EPA's disapproval of a state SIP (there, Arkansas challenge to EPA's disapproval of Arkansas' plan) should be considered a "nationally applicable" action as part of EPA's disapproval of other state SIPs. There is no reason EPA cannot again comply with the same Rules all parties have complied with to date in briefing EPA's motion to transfer.

Consolidated briefing would also risk confusing the issues. EPA claims that a "single, consolidated reply" filed in numerous disparate cases would be "helpful," but immediately thereafter claims it needs over double the number of words because the "individual responses to the Venue Motions . . . are likely to collectively present several legal arguments in opposition to the Venue Motions." *See* Mot. at ¶¶ 9–10. The three different SIP challenges do in fact present different arguments because EPA, in disapproving those three SIPs, purported to address the state-specific circumstances presented by each SIP. Addressing all these issues together is likely to create confusion.

If EPA believes that similar arguments affect the distinct administrative challenges it references in its Motion, it is free to file identical reply briefs in each case—just like it filed substantially identical motions to transfer in different cases across this Circuit. Consequently, this Court should reject EPA's Motion and require it to comply with its obligations under the Federal Rules of Appellate Procedure.

Appellate Case: 23-1719    Page: 3    Date Filed: 05/09/2023 Entry ID: 5275014

Respectfully submitted,

ANDREW T. BAILEY
Attorney General

Joshua M. Divine
Solicitor General

*/s/ Samuel C. Freedlund*
Samuel C. Freedlund
Assistant Attorney General
Office of the Attorney General
815 Olive St.
Suite 200
St. Louis, Missouri 63101
Phone: (314) 340-4869
Fax (573) 751-1774
Samuel.Freedlund@ago.mo.gov

*Attorneys for Petitioner.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit and served the foregoing on all registered counsel through the Court's CM/ECF system.

*/s/ Samuel C. Freedlund*

4

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this motion complies with the typeface and formatting requirements of Fed. R. App. P. 27 and 32, that it is written in Century Schoolbook 12-point font, and that it contains 612 words as determined by the word-county feature of Microsoft Word and excluding those items excluded from length computations under Fed. R. App. P. 32(f). The Motion and this certification have been scanned for viruses and are virus-free.

*/s/ Samuel C. Freedlund*

Appellate Case: 23-1719    Page: 5    Date Filed: 05/09/2023 Entry ID: 5275014